Shaw, C. J.
This is an action of assumpsit brought to recover nine assessments laid on one share in the stock of the Atlantic Cotton Mills, established at Lawrence, formerly Methuen. The company was incorporated February 3, 1846, with authority to hold a capital of $2,000,000. The company was subsequently organized, and by vote fixed the capital at $1,350,000, and the shares at $1,000 each. Mr. Abbott subscribed for five shares, four of which he afterwards transferred. After paying one instalment of $100 on the other share, he made a transfer of it to Mr. Butler, which the officers of the company declined to accept, and no transfer was made on the books. Nine assessments of $100 each were afterwards made, and notified both to Mr. Abbott and to Mr. Butler, but they have not been paid; and this action is brought to recover those assessments, with interest thereon.
It is perfectly well settled, and it is so conceded in the argument for the plaintiff, in the present case, that by subscribing for and taking shares in a manufacturing company, whether any assessment has been paid or not, the stockholder comes under no personal obligation to pay for any assessment which may be laid on such share, and that the only remedy of the company to obtain payment of any, is by a sale of the share in respect to which it is made.
This being admitted to be the general rule of law, this action is brought to recover on an agreement expressly alleged to have been made by the defendant to the plaintiff company, to take, and pay for said five shares. This alleged promise *425 is contained in a subscription paper not dated, but which it Í3 apparent from its tenor was made before the act of incorporation was obtained.
It contains a preamble, stating that it is proposed to obtain a charter for a company, for the purpose of manufacturing cotton, with a capital of not less than one and a half million, nor more than two millions of dollars. It then proceeds thus :
“ In contemplation, therefore, of carrying forward the above plan, we, the undersigned, agree to take and pay for the amount of stock set against our names, as the same may be assessed and called for by the directors of the company, when it shall have been organized.”
No distribution of the stock into shares being then made, the subscription was in dollars, and to the above-described paper the defendant subscribed five thousand dollars.
It was argued in behalf of the defendant, that this was a preliminary mutual agreement amongst the subscribers, with each other, that the corporation not being then in existence, it contained no promise to them, and that it could not enure to them afterwards, that no consideration existed, and, therefore, that no action could be maintained upon it. On the contrary it is insisted that it was proposed, in the nature of a continuing offer, to pay the company, when organized, that it was never revoked, until the company came into existence and was organized, and actually assigned the shares to the defendant, which was a good consideration.
There have been many analogous cases, in regard to several kinds of corporations, depending upon somewhat minute distinctions; and if the case necessarily depended on this subject, we should find it necessary to examine them more critically.
But there is another point relied upon, which is, that the subscription and promise of the defendant related to a company contemplated to be formed with a capital not less than one and a half million dollars, whereas the plaintiff company was organized upon a capital of $1,350,000, and has never exceeded that sum.
It is to be recollected that the promise of the defendant, to pay assessments on shares, is collateral to his subscription, *426 and is relied on as creating an obligation, over and beyond that which arises by law from his taking shares. If it imposes such obligation, it is by force of the express promise only; and if such promise is conditional, the condition must be strictly complied with.
This is true of every kind of express promise or obligation, upon a condition precedent; but it is eminently true' of an undertaking to take shares in a company to be formed. Salem Mill Dam Co. v. Ropes, 6 Pick. 23.
There the subscription for shares, and the express promise to pay assessments, was made after the company was incorporated. But it was also held that the promise was provisional, and no stockholder could be held by it to pay assessments until the whole number of shares was taken. Salem Mill Dam Co. v. Ropes, 9 Pick. 187.
This depends upon the same principle. The defendant, by subscribing $5,000, never promised to pay more than 5-1500th parts of the whole capital,- or l-300th part of' the whole; when, if this action could be maintained, he would be compelled to pay l-275th part of the capital. The promise sued upon, therefore, is a promise which he did not make.
But it is urged that, by taking the five shares, after the capital was fixed at $1,350,000, he waived the condition of making it depend on $1,500,000. But let us ask, waived what condition ?
So far as the subscription paper operated as a promise, honorary or otherwise, to take $5,000, in a stock not less than $1,500,000, his taking the same amount, in a stock of $1,350,000, was a waiver of the condition on which such engagement to take was founded.
But the promise to pay was collateral, and not incident to the taking of shares; and, therefore, taking shares in another and smaller capital was not a waiver of the condition on which the promise to pay for shares in a larger stock was made.
The same considerations apply to the suggestions, that the defendant was probably at the meeting, at which the company was organized and the capital fixed, and may be presumed tc have assented to it j and also, the fact, that paying one assess *427 nient, with a knowledge of the fact, he is estopped from denying his acquiescence in the reduction of the capital. This is true, so far as those acts bind him; he is estopped from denying that he took shares, and was a holder of shares, in a company of different capital from that contemplated by the subscription paper, and that he is bound by all the obligations which the law annexes to that relation. But these acts are not a waiver of the condition of an express promise, collateral and not incident to such relation.

Judgment for the defendant.